IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:21-CV-00059-M

| | |
|---|---|
| SHAWN LA'DERRICK HILL,<br>Plaintiff,<br><br>v.<br><br>NEW HANOVER COUNTY, NEW<br>HANOVER COUNTY SHERIFF'S<br>DEPARTMENT, and J. M. BUONICONTI,<br>Defendants. | **ORDER** |

This matter is before the court on Defendant J. M. Buoniconti's ("Buoniconti") Motion and Supplemental Motion for Extension of Time to File Answer [DE-13 and DE-16] and Plaintiff's Motion for Entry of Default [DE-14]. The court has also reviewed Plaintiff's response in opposition to Buoniconti's motions [DE-17] and notice [DE-18]. The motions are ripe for ruling and the court will take each in turn.

Under the Federal Rules of Civil Procedure, the court may, for good cause, extend the time when an act must be done, if the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). In his motions, Buoniconti requests an extension of time by which to Answer or otherwise respond to the Plaintiff's Complaint, through and including June 29, 2021, based in part on the need to determine whether a defense will be tendered by the State of North Carolina. Buoniconti's original motion, though it failed to reflect opposing counsel's position on his request, was filed on April 30, 2021, before the earliest possible response to the Complaint was due on May 3, 2021. *Compare* Affidavit of Service (J. M. Buoniconti) ¶ 2, DE-5 (noting that service was effectuated on or about April 12, 2021) *with* Affidavit of J.M. Buoniconti ¶ 5, DE-16-1 (certifying that Buoniconti was served on April 13, 2021). For good cause shown, Buoniconti's motions [DE-

13 and DE-16] are hereby GRANTED and he shall have through and including June 29, 2021, to Answer or otherwise respond to the Complaint.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). While default judgment may be appropriate where a party is unresponsive, it is generally not when a party demonstrates an intent to defend. *Id.*; *see* Fed. R. Civ. P. 55, 2007 Amendment ("Acts that show an intent to defend have frequently prevented a default . . . ."); *see also Educ. Servs., Inc. v. Maryland State Bd. for Higher Educ.*, 710 F.2d 170, 176-77 (4th Cir. 1983) (finding no abuse of discretion in the denial of the motion for default judgment where no answer was served as of the time plaintiff moved for default judgment); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir. 1950) ("Appellants complain because default judgment was not granted them; but whether such judgment should have been entered or respondents allowed to answer was a matter resting in the sound discretion of the District Judge."). Furthermore, the Fourth Circuit has a strong policy favoring merits-based adjudication. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Here, one day after Buoniconti filed his motion, and before the earliest possible response to the Complaint was due, Plaintiff moved for an entry of default [DE-14] based on Buoniconti's failure to answer the Complaint and to consult prior to moving the court for an extension of time.

2

The court finds that Plaintiff's motion is premature and that Buoniconti has clearly demonstrated an intent to defend. The court, in its discretion, declines to take the drastic measure of rendering a default judgment and instead will follow the Fourth Circuit's strong policy of deciding cases on the merits. Plaintiff's Motion for Entry of Default [DE-14] is DENIED.

SO ORDERED this the 10th day of May, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE